■ In the Matter of Louis S. Tuzzio, Petitioner, v Benjamin Ward, as Police Commissioner of the City of New York, et al., Respondents.—Determination of the respondent New York City Police Commissioner, dated August 31, 1988, which penalized petitioner with a 30-day suspension followed by a one-year disciplinary probation, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, New York County [Stanley Parness, J.], entered Feb. 7, 1989) is dismissed, without costs or disbursements.

In reviewing the record, we find that there was substantial evidence to support the Commissioner's determination that petitioner, while off duty on June 24, 1986, wrongfully made personal use of the Police Department's computer system and failed to safeguard a computer printout of a license plate number which was assigned to a confidential automobile used by the Department's Organized Crime Investigation Division *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). Computer memory records and a precinct computer logbook, which the Hearing Officer found to be accurate and reliable, placed the petitioner at the exact place, at the exact time that the computer printout had been generated. Testimony of Sergeant McGovern, an investigator for the Organized Crime Control Bureau, further established that the printout containing the confidential plate number was found in the possession of a reputed organized crime figure. Under the circumstances, the Hearing Officer properly credited the testimony of Sergeant McGovern and discredited petitioner's testimony.

We note, as pointed out by the Hearing Officer, that petitioner's misconduct may have placed the lives and safety of fellow officers working in the Organized Crime Investigation Division at risk, and were we free to impose a different, harsher penalty, we would do so. Concur—Murphy, P. J., Asch, Kassal and Rubin, JJ.